**People of the State of Illinois, Plaintiff-Appellee, v. Sheldon Wicks and Lawrence Hayes, Defendants-Appellants.**

Gen. Nos. 51,666, 51,667.

First District, Fourth Division.

September 17, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendants were tried by a jury and convicted of robbery. Judgment was entered and defendants were sentenced for a term of not less than ten nor more than thirty years.

Defendants jointly raise three questions on appeal: (1) the court invaded the province of the jury by giving an instruction which amounted to directing the verdict; (2) the assigning judge improperly sat as a court of appeal to review and overrule an order of the trial judge severing the causes of the two defendants; and (3) the prosecutor's argument was prejudicial and deprived the defendants of a fair trial. Defendant Wicks raises two

further points on appeal: (1) the lineup in which he was identified by the complaining witness was so unnecessarily suggestive and conducive to mistaken identity as to deny due process of law; and (2) he is entitled to discharge because he was held in custody for 120 days without trial.

On May 19, 1965, five armed men entered the offices of Maywood Finance Corporation in Maywood, Illinois, and robbed it of an undisclosed sum of money. The defendants were identified by the manager as two of the participants in the robbery.

OPINION

The first point urged on appeal, by both defendants, is that they were unfairly prejudiced when the trial judge gave the following instruction:

> The court instructs the jury that the positive identification of one witness who had a favorable opportunity for observation is sufficient to support a conviction for armed robbery.

The language of this instruction was obviously taken from the opinion in People v. Washington, 26 Ill2d 207, 210, 186 NE2d 259, and cases cited therein. It is singularly appropriate to a reviewing court because that court assumes that the jury has observed the witness, has considered all the evidence in the case and then has been convinced of defendants' guilt beyond a reasonable doubt. As stated in People v. Harper, 36 Ill2d 398, 404, 223 NE2d 841:

> The State has cited no case, and we have found none, that approves an instruction in the language given here. The fact that certain language is appropriate in the context of an opinion does not necessarily justify its use in an instruction without further explanation.

■ We find that it was reversible error to give the aforementioned instruction in the instant case since the scope of the jury function was restricted thereby. The instruction could reasonably have been construed by the jury as a statement that the court was satisfied that one witness had a favorable opportunity for observation, and had made a positive identification of defendant. Both of these are factual conclusions which should have been left to the jury's determination from the evidence.

The State argues that the error was waived by the failure of defense counsel to object to the instruction. Defendant counters by referring to Supreme Court Rule 451 (Ill Rev Stats 1967, c 110A, § 451):

> In criminal cases instructions to the jury shall be tendered, settled and given in accordance with section 67 of the Civil Practice Act, but substantial defects are not waived by failure to make timely objection thereto if the interests of justice require.

■ We find that the defect in the instruction was substantial and that the interests of justice require that the failure to object is not a waiver in the instant case.

The second point raised by both appellants is that their cases were improperly joined. Defendants point out that Judge Friedlund first severed the causes and then refused the State's motion to rejoin them. After Hayes' first trial resulted in a mistrial, his case was sent back to the assigning judge for reassignment; the Wicks case remained with Judge Friedlund. The assigning judge, Judge Napoli, however, entered an order rejoining the cases and then reassigned them both to Judge Power. Defendants argue that Judge Napoli had no power to withdraw the Wicks case from Judge Friedlund and to overrule his decision to have the cases tried separately.

■ The decision to sever is within the sound judicial discretion of the trial court. People v. Wilson, 29 Ill2d

82, 91, 193 NE2d 444. Since we are remanding both cases for a new trial, defendants can move for a severance before the trial court.

■ The third argument made jointly by defendants is that they were prejudiced by the closing argument of the prosecutor. During his summation the prosecutor stood before the jury holding a shotgun in his hands and told the jury to stare at him while three minutes passed. We find this demonstration to be prejudicial for two reasons. First, the prosecutor did not adequately recreate the conditions of the robbery. Complaining witness testified that defendant Hayes had the shotgun and asked for the money; that defendant Wicks, who had a pistol, vaulted over the counter, took money from a drawer, led complaining witness to a vault which he opened and then escorted him and a coemployee to the work room. He further testified that the entire robbery lasted three minutes. It is apparent that complaining witness was not facing a man with a shotgun for three minutes. Secondly, the jury could have been unduly prejudiced by having to face a shotgun for three minutes.

■ Defendant Wicks argues that the lineup from which he was identified by Harrison, the complaining witness, was so unnecessarily suggestive and conducive to mistaken identity that all identification testimony of Harrison should be excluded. Stovall v. Denno, 388 US 293, 302; Gilbert v. California, 388 US 263, 272-3; People v. Nelson, 40 Ill2d 146, 238 NE2d 378. He contends that the unfair suggestion arises from the fact that one of the robbers was wearing a black trench coat during the commission of the crime and that he (Wicks) was the only person in the lineup wearing a black trench coat. We do not feel that Wicks' attire emphasized him in such a manner as to fatally taint the identification. We are reinforced in our decision by the testimony of Harrison that he saw Wicks come into the station with a group of ten

24

or twelve people and that "[it] is not true that I identified the trench coat."

Wicks also argues that he is entitled to a discharge because he was not brought to trial within the 120-day period specified by statute.* He argues that he made no requests for continuances from December 1, 1965, until April 26, 1966, when trial commenced; or, alternatively, that he made no requests for continuance from December 27, 1965, until trial on April 26, 1966.

■ At a proceeding on December 1, 1965, Wicks' court appointed counsel withdrew from the case with the defendant's consent, and the court appointed a different attorney for defendant. Since it is clear that Wicks desired the assistance of counsel and that he desired the withdrawal of his initial counsel, it is obvious that he needed time to confer with his newly appointed attorney and that, therefore, he was not prepared to go to trial on December 1, 1965. Thus Wicks must be deemed to have consented to the continuance of the cause to December 27, 1965, and the counting of the 120-day period begins then.

■ Section 103–5(a) of the Code of Criminal Procedure is silent as to how the 120 days shall be computed and thus it is necessary to utilize the method set forth in the statute on the Construction of Statutes, Ill Rev Stats 1965, c 131, § 1.11, which provides in pertinent part:

> The time within which any Act provided by law is to be done shall be computed by excluding the first day and including the last . . . .

---

* Ill Rev Stats 1965, c 38, § 103–5(a):

Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

Computation of the number of days between December 27, 1965, and April 26, 1966, excluding December 27 and including April 26, reveals that April 26 was the 120th day. Defendant was brought to trial on that day and thus the statutory requirement was met. People v. Walton, 110 Ill App2d 115, 249 NE2d 170.

For the reasons set forth above, the judgments are reversed and this cause is remanded to the Circuit Court for a new trial.

Reversed and remanded for a new trial.

ENGLISH and McNAMARA, JJ., concur.