THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY WILL, Defendant-Appellant.

(No. 11963; ▬▬▬▬▬▬▬▬▬

Fourth District—July 10, 1975.

Donald M. Reno, Jr., of Reno, O'Byrne & Kepley, of Champaign (Lawrence W. Blickhan, of counsel), for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted by jury verdict upon a charge of delivering an obscene magazine in violation of section 11—20(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 11—20(a)(1)). He appeals his conviction and the sentence imposed—a fine of $500 and incarceration for 90 days.

After submission of the case, defendant being upon bond pending appeal, counsel agreed that further review be stayed pending the disposition of *People v. Ridens,* 51 Ill.2d 410, 282 N.E.2d 691, following remand from the United States Supreme Court (413 U.S. 912, 37 L.Ed.2d 1030, 93 S.Ct. 3046.) The Illinois statute concerned was held to be constitutional in *People v. Ridens,* 59 Ill.2d 362, 321 N.E.2d 264, and certiorari was denied on May 27, 1975 (—— U.S. ——, 44 L.Ed.2d 483, 95 S.Ct. 2000).

Defendant's supplemental brief, filed by leave of court, concedes that most issues raised initially have been resolved by the opinions in *People v. Ridens,* 59 Ill.2d 362, 321 N.E.2d 264; *Miller v. California,* 413 U.S. 15,

37 L.Ed.2d 419, 93 S.Ct. 2607 and *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 37 L.Ed.2d 446, 93 S.Ct. 2628.

Defendant raises the issue of error in the instruction given at the request of the prosecution:

> "A thing is obscene if, considered as a whole, its predominant appeal is to the prurient interest, that is, a shameful or morbid interest in nudity, sex, or excretion, and if it goes substantially beyond customary limits of candor in its description or representation of such matters, and it is utterly without redeeming social value, or it has been commercially exploited for the exclusive sake of prurient appeal. Obscenity is judged with reference to ordinary adults."

In *People v. Ridens*, 59 Ill.2d 362, 321 N.E.2d 264, the court construed the Illinois statute (Ill. Rev. Stat. 1967, ch. 38, par. 11—20) as incorporating the standard of *Miller v. California*, which requires the trier of fact to determine "whether 'the average person applying contemporary community standards' would find that the work taken as a whole appeals to prurient interest."

It is to be observed that the challenged instruction makes no reference to "community standards" or any form thereof, but would permit jurors to indulge personal feelings or opinions.

In *People v. Butler*, 49 Ill.2d 435, 275 N.E.2d 400, the court determined that the statute at issue contemplates a statewide scope as the measure of the "contemporary community standard." In that case, as here, no given instruction defined the extent of the "community" by which the standard is to be measured and the court determined that the record showed that the jury might conclude that it could adopt a "community" lesser than statewide. The conviction was reversed and remanded.

In *People v. Watson*, 26 Ill.App.3d 1081, 325 N.E.2d 629, this court determined that an instruction identical to that concerned here must be reversed as error for the failure to instruct the jury that the standard must be that of a statewide community, for such failure would permit the jury to "* * * impose any type of standard they desire."

The instruction is further criticized for incorporating as a part of the definition of obscenity the phrase, "or it has been commercially exploited for the exclusive sake of the prurient appeal." While section 11—20(c) of the Criminal Code provides that such "commercial exploitation" may be probative evidence, it is not properly a part of the definition of obscenity within either the meaning of the term as stated in *People v. Ridens*, or in the statute itself. It seems a truism that if an article is not obscene within the proper definition, its use alone would not make such article obscene.

Having found reversible error, it is unnecessary for this court "to make

an independent constitutional judgment of the facts of the case as to whether the material is constitutionally protected" as required in *People v. Ridens*, 59 Ill.2d 362, 321 N.E.2d 264; *Jacobellis v. Ohio*, 378 U.S. 184, 12 L.Ed.2d 793, 84 S.Ct. 1676.

Defendant argues error in the denial of a motion to suppress as evidence certain items seized under a search warrant. No item so seized was introduced into evidence, and review of such argument has no relevance to the merits of the conviction.

For the error in instruction, the judgment is reversed and remanded for a new trial.

Reversed and remanded.

SIMKINS, P. J., and SMITH, J. concur.