THE PEOPLE OF THE STATE OF ILLIOIS, Plaintiff-Appellee, *v.* CURTIS D. LAND, Defendant-Appellant.

(No. 60215;

First District (3rd Division)—December 4, 1975.

James J. Doherty, Public Defender, of Chicago (Matthew J. Beemsterboer, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Curtis D. Land, was charged in the circuit court of Cook County with the murder of Albert Berry. A jury found him guilty of voluntary manslaughter and the court sentenced him to a term of 7 to 15 years. On appeal, defendant contends that the trial court erred in

admonishing and correcting defense counsel for misrepresenting the evidence in the presence of the jury, and that the court erred in not further instructing the jury upon their request. In view of the nature of the argument, the facts may be summarized briefly.

Defendant and decedent were guests at a party in an apartment located at 22 East 58th Street in the City of Chicago. The two men were seated across from each other arguing and exchanging insults. Three witnesses for the State testified that defendant pulled a gun and shot decedent after the latter had continued verbally abusing defendant following a warning to desist. The witnesses further testified that after defendant shot decedent in the left arm, decedent continued advancing toward defendant who was retreating towards a door. Defendant then shot decedent several more times, fatally wounding him. Defendant testified that decedent was abusing him and as he attempted to leave the apartment, decedent threatened him with bodily harm and came up behind him. Defendant turned, took his revolver out of his pocket, and fired one shot hitting decedent's arm. Decedent continued coming at defendant and threatening him. Defendant fired several more shots and left the apartment.

In view of our holding, we need only consider defendant's argument that the trial court committed reversible error in refusing to further instruct the jury when they requested additional instructions.

After the jury had commenced their deliberations, they requested further instruction from the judge. In the presence of the prosecutor and defense counsel, the trial court assembled the jury in open court. Thereafter the following colloquy ensued:

"THE COURT: Someone asked for me?

JUROR: Yes, we had a question.

THE COURT: I cannot interpret the instructions for you, you must read these instructions and interpret them yourself.

JUROR: There is a very slight difference in the meaning, I don't know some words.

THE COURT: I cannot interpret the instructions, they are instructions that are used by the Supreme Court and approved by the Supreme Court, you must interpret them yourselves. I wish I could, but it would be error if I did.

JUROR: Well, can we tell you where we are having difficulty?

THE COURT: No. I am sorry. Once again, I wish I could. If I could I would be influencing the jury and I don't want to do that."

The trial court then ascertained the identity of the foreman of the jury, and asked if he believed the jury could reach a verdict. When the

foreman replied affirmatively, the judge had the jury resume deliberations.

The instructions given to the jury were taken from Illinois Pattern Instructions in criminal cases and had been agreed to by both sides. The instructions included those for murder, voluntary manslaughter, and justifiable use of force.

■■ We consider initially the State's contention that the defense waived objection to any possible error committed by the trial court by its failure to object to the court's refusal to further instruct the jury. We first observe that, as the colloquy reflects, it would have been difficult for defense counsel to interject an objection to the court's statement. More importantly, we consider that the interests of justice require that we consider the issue despite the absence of objection. *People v. Castro* (1973), 10 Ill.App.3d 1078, 295 N.E.2d 538.

■■ In *People v. Harmon* (1968), 104 Ill.App.2d 294, 244 N.E.2d 358, this court, citing 23A C.J.S. *Criminal Law* § 1376, at 1000 (1961), stated as follows at page 301:

> " 'If jurors differ as to the instructions they should come into court and have them repeated, or if they wish more information as to the law they should request it of the court, and it has been held that it is not only the right but the duty of the court to reinstruct on any question of law arising from the facts on which the jury say they are in doubt, and on which they ask further instructions. Where the jury make their difficulties explicit, the judge should clear them away with concrete accuracy; and where the question asked is not clear, it is the duty of the court to seek clarification.' "

In *People v. Kucala* (1972), 7 Ill.App.3d 1029, 288 N.E.2d 622, the jury, during deliberations, submitted a written request for a clarification of one of the given instructions. The request recited that a question remained in the minds of some members of the jury as to when a forcible felony began. The trial court refused to clarify the instruction, and this court stated at page 1035: "Where a jury has raised an explicit question on a point of law arising from the facts over which there is doubt or confusion, the court should attempt to clarify the question in the minds of the jury members." We determined that the trial court's refusal to further instruct the jury was prejudicial to defendant.

In the present case, the trial court not only refused to clarify the confusion in the jurors' minds about the instructions, but it did not even permit the jury to inform it as to what portion of the instructions

were presenting them with problems. We deem this conduct on the part of the court to have constituted reversible error.

██ The State points out that all the instructions given in the present case were IPI criminal instructions, and that they were all agreed upon by both sides. It also points out correctly that Supreme Court Rule 451(a) (Ill. Rev. Stat. 1967, ch. 110A, par. 451(a)), requires that IPI instructions be used when applicable, unless the trial court determines that the instruction does not accurately state the law. However, the use of IPI criminal instructions in the present case does not meet the issue presented. There is nothing suggested in the rule approving the use of IPI instructions that would excuse a trial court from its obligation of clarifying an instruction given upon the jury's request. At the very least in the present case, the trial court, when informed in open court that the jury was having difficulty with some words, had the obligation to learn what language was causing the confusion and, if possible, attempt to clarify it.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McGLOON, P. J., and MEJDA, J., concur.