THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES RICCARDO LIPSCOMB, Defendant-Appellant.

Fourth District   No. 13557

Opinion filed March 10, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

After jury convictions, Lipscomb received concurrent sentences of 3 to 9 years for involuntary manslaughter and 364 days for aggravated assault. Because of error in the instructions and in the trial court's response to a question from the jury, we reverse and remand for a new trial. The other issues raised by defendant therefore need not be considered.

After chasing his girlfriend, Joanne Haynes, around a filling station in Ogden, Illinois, Lipscomb shot her. She died! During the chase, Walter Robbins, the station owner, attempted to stop him but Lipscomb threatened him with the gun. The defense was insanity.

The jury was given nine verdict forms—guilty and not guilty of each offense (murder, aggravated battery, involuntary manslaughter and aggravated assault), and one general verdict form of not guilty by reason of insanity.

The jury sent two notes to the trial judge during their deliberations. The first note asked whether the jury could vote not guilty on the charges involving Joanne Haynes and guilty on the single charge involving Mr. Robbins. Counsel and the court agreed that this question should be answered affirmatively.

The second note stated:

> "Can you reach a decision that Mr. Lipscomb was sane during the aggravated assault on Walter Robbins and still maintain that Mr. Lipscomb was insane when he shot Ms. Haynes?"

Over defense counsel's objection, the court answered "No," holding that it would be inconsistent for the jury to find the defendant sane during the aggravated assault and insane during the shooting. Shortly thereafter, the jury returned with a verdict finding defendant guilty of involuntary manslaughter and aggravated assault, and not guilty of murder and aggravated battery.

■■■ The trial court and both counsel initially agreed to submit only one "not guilty by reason of insanity" verdict form for all four offenses charged. This was erroneous. Section 115—4(j) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(j)) provides that, when the affirmative defense of insanity is raised, the jury shall be given a verdict form of not guilty by reason of insanity *as to each offense charged.* If that had been done, it should be obvious that the answer to the second question, like the answer to the first, should have been yes. As the statute provides for separate verdict forms, the jury is permitted to find defendant guilty of one offense and not guilty of another by reason of insanity. The State attacks only the logical inconsistency of such a decision. However, logical consistency is not necessary as long as the verdicts are not legally inconsistent. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied,* 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct.

1658.) Since different crimes are charged with different elements, no legal inconsistency could result from such a verdict.

A New Jersey court has found that, under similar circumstances, there is not even necessarily any logical inconsistency. In *State v. Coleman* (1965), 46 N.J. 16, 214 A.2d 393, defendant had shot his wife then his sister-in-law. The jury found him guilty of the murder of his wife and not guilty by reason of insanity of the murder of his sister-in-law. The court stated that the jury could have found that defendant went berserk after the first shooting.

The State urges that by agreeing to the submission of one verdict form of not guilty by reason of insanity, defendant has waived any objections to the verdict forms and the answer of the trial court merely reaffirmed the agreed law of the case. This cannot be.

■■■ It is the duty of the trial court to reinstruct on any question of law when the jury says they are in doubt. (*People v. Harmon* (1968), 104 Ill. App. 2d 294, 244 N.E.2d 358.) But it cannot be the court's duty to instruct erroneously. Therefore, although defense counsel initially agreed to the erroneous verdict forms, when he objected to the judge's answer an opportunity to correct the error was presented and should have been taken. Under these circumstances we do not consider the error to have been waived. *People v. Land* (1975), 34 Ill. App. 3d 548, 340 N.E.2d 44.

*Ergo*, the judgment of the Circuit Court of Champaign County is reversed and the cause remanded for a new trial.

Reversed and remanded.

CRAVEN, P. J., and REARDON, J., concur.