THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANTHONY GATHINGS *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 79-282

Opinion filed September 1, 1981.

Ralph Ruebner and Richard E. Steck, both of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Gloria C. Coco, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Anthony Gathings and David Bracey were charged by indictment with attempted murder, attempted armed robbery and aggravated battery. A jury found them guilty of all three charges. The trial court entered judgment against them only on the charges of attempted murder and attempted armed robbery. Defendants appeal from that judgment, raising as issues whether the trial court in effect directed the jury to find defendants guilty of some offense, and whether the trial court erred in refusing to clarify instructions upon the jury's request. For the following reasons, we reverse and remand for a new trial.

The charges against defendants arose from a shooting which occurred on August 17, 1975. The defense proceeded on a theory of accident or, at most, reckless conduct. Five occurrence witnesses testified that defendants accosted the victim, Michael McCollough, on a stairwell in the Robert Taylor Homes in Chicago and tried, unsuccessfully, to take his money. Gathings then pulled a gun and shot him in the face. Defendants testified that Gathings shot McCollough accidentally while playing with a gun in the stairwell. All the witnesses lived in the same building and knew each other.

At the close of all the evidence, after the court instructed the jury as to the proof required to sustain the charges, the court further instructed the jury, in part:

"If you feel the evidence showed reckless conduct, select only those forms and sign a guilty or not guilty form as to each defendant.

However, if you feel the evidence showed attempt murder, attempt armed robbery and aggravated battery, select only those forms and sign a guilty or not guilty form as to each defendant on each charge."

This charge, styled People's Instruction No. 28, purported to amend Illinois Pattern Jury Instructions, Criminal, No. 26.01 (1968) (hereinafter IPI). Defendants had first objected to the instruction, but withdrew the objection before it was given to the jury. After five hours of deliberation, the jury sent the judge the following written question: "Can we find the defendants guilty of two counts and not guilty on the third count?" Defense counsel suggested that the court answer the question affirmatively; however, the court instead directed the jury's attention to People's Instruction No. 28. Defense counsel objected, noting the probability of confusion already caused by the instruction.

The jury found both defendants guilty of attempted murder, attempted armed robbery and aggravated battery. As earlier noted, judgment was entered on the verdicts of attempted murder and attempted

armed robbery only, for which sentences of 30 to 50 and 4 to 12 years, respectively, were imposed. The court considered aggravated battery to be a lesser-included offense of attempted murder.

Defendants argue that People's Instruction No. 28 was improperly given, as it was tantamount to directing the jury to return a verdict of guilty of some offense. They contend that a judge may not direct a verdict of guilty in a criminal case (*United Brotherhood of Carpenters & Joiners of America v. United States* (1947), 330 U.S. 395, 91 L. Ed. 973, 67 S. Ct. 775), nor give an instruction which has that effect. (*United States v. Hayward* (D.C. Cir. 1969), 420 F.2d 142; *United States v. Sheldon* (5th Cir. 1976), 544 F.2d 213.) Defendants rely on *United States v. Spock* (1st Cir. 1969), 416 F.2d 165, in which the court of appeals held that providing the jury with special interrogatories in a criminal case has the effect of directing a verdict of guilt, since the jury is forced to answer a "progression of questions each of which seems to require an answer unfavorable to defendant" which thus exerts a subtle pressure on the jury to convict. (416 F.2d 165, 182.) In arriving at this conclusion the court declared that "[i]n the exercise of its functions not only must the jury be free from direct control in its verdict, but it must be free from judicial pressure, both contemporaneous and subsequent," and that "[t]here is no easier way to * * * force * * * a verdict of guilty than to approach it step by step." (416 F.2d 165, 181, 182.) Defendants urge that, just as answering special interrogatories requires a "step by step" process which induces a jury to return a guilty verdict, so did the instruction at bar require the jury to undergo a step by step process which exerted pressure on them to convict because the jury in the instant case was required to determine guilt or innocence upon the assumption that there was evidence which showed that one set of offenses or another actually existed. We agree.

■■ We think the instruction given is fatally defective. It unduly emphasized two choices in the assessment of the evidence, neither of which was acquittal: either the evidence "showed" reckless conduct, or it "showed" attempted murder, attempted armed robbery and aggravated battery, upon which the jury may find defendants guilty or not guilty. Directing a jury's attention to a possible verdict based upon an assumption that there was indeed evidence which *showed* the proscribed conduct invades the jury's function of ascertaining in the first instance whether there was in fact any such evidence adduced in the record which could be said to have been "shown." The instruction, having assumed the existence of some such evidence, left to the jury only the question of the weight to be given the putatively existing evidence. It is error to submit an instruction in which the court has assumed a particular fact in issue. (See *People v. O'Connor* (1920), 295 Ill. 198, 202, 129 N.E. 157; *People v. Wicks* (1969), 115 Ill. App. 2d 19, 22-23, 252 N.E.2d 698; *People v. Gaither*

1138

(1968), 103 Ill. App. 2d 47, 56, 243 N.E.2d 388.) Moreover, jury instructions should not be misleading or confusing, but should fully and fairly inform the jury of the applicable law. (*People v. Dordies* (1978), 60 Ill. App. 3d 621, 377 N.E.2d 245; *People v. Godbout* (1976), 42 Ill. App. 3d 1001, 1009, 356 N.E.2d 865.) Here, in addition to the assumption of facts, the instruction may have confused the jury by the presence of the word "and" in the second paragraph, which suggests that the jury had to find defendants guilty of all three charges (attempted murder, attempted armed robbery *and* aggravated battery) if it found them guilty of any one of those charges. That this was especially prejudicial to defendants is supported by the fact that they were ultimately convicted on all three charges. The jury, therefore, could have found defendants guilty of attempted murder, attempted armed robbery and aggravated battery because the instruction did not allow for the option of finding them guilty of only one or two of those charges.

■■ The State argues that, by submitting an amended version of IPI Criminal No. 26.01 to the jury, the court properly excluded the possibility that the jury would return inconsistent verdicts through finding defendants guilty on all four offenses. Unless the court determines that there is no IPI instruction which accurately states the law, the appropriate IPI instruction should be given. (Ill. Rev. Stat. 1975, ch. 110A, par. 451(a); *People v. Haywood* (1980), 82 Ill. 2d 540, 413 N.E.2d 410; *People v. Dordies*, 60 Ill. App. 3d 621, 626-27.) Any non-IPI instruction, if given, must be simple, brief, impartial, and free from argument. (*People v. Pankey* (1978), 58 Ill. App. 3d 924, 374 N.E.2d 1114.) IPI Criminal No. 26.01 in its original, unamended form is a lucid and concise direction which sufficiently and adequately sets forth the law of Illinois. (*People v. Collier* (1978), 66 Ill. App. 3d 1007, 1013, 384 N.E.2d 497.) The court's attempt here to eliminate inconsistent verdicts was itself confusing and proceeded under a misconception of the trial court's role in guiding the jury's deliberations. See, *e.g., People v. Lipscomb* (1977), 46 Ill. App. 3d 303, 360 N.E.2d 988.

■■ The erroneous submission of People's Instruction No. 28 was further exacerbated by the court's failure to answer the jury's written question. A trial court may exercise its discretion to refrain from answering a jury's inquiries (*People v. Queen* (1974), 56 Ill. 2d 560, 565, 310 N.E.2d 166; *People v. Kelly* (1980), 89 Ill. App. 3d 400, 405, 411 N.E.2d 1012); however, it has the duty to instruct the jury where clarification is requested, the original instructions are incomplete, and the jurors are manifestly confused. (*People v. Morris* (1980), 81 Ill. App. 3d 288, 290, 401 N.E.2d 824; *Hunter v. Smallwood* (1975), 28 Ill. App. 3d 386, 390, 328 N.E.2d 344.) *People v. Morris* is especially applicable in this regard. The instructions there did not fully state the law regarding the issue to which the jury's query was addressed. The trial court's response—referring the

jury to the instruction already given—was clearly inadequate and was held to be substantially prejudicial to the defendant. Here, as in *Morris*, the jury's question apparently stemmed from the confusing language of People's Instruction No. 28. Since the instruction seems to have offered the jury, as an alternative, finding defendants guilty of reckless conduct or of all three of the remaining offenses, it did not answer the jury's question as to whether it could find defendants guilty on two counts and not guilty on the third. The jury's confusion, having originated in the defective instruction, oppugns the State's suggestion that any defects in the instruction were cured by language contained therein that the jury could sign a guilty or not guilty form as to each defendant on each offense. Cases cited by the State as factually analogous to the instant case, *People v. Walker* (1975), 33 Ill. App. 3d 681, 338 N.E.2d 449 and *People v. Charles* (1977), 46 Ill. App. 3d 485, 489, 360 N.E.2d 1214, are inapposite, since in neither case was the jury referred back to inadequate instructions.

As to defendants having withdrawn their objection to the instruction at issue, failure to object at trial to a defective jury instruction ordinarily constitutes waiver, unless a "grave error" has occurred. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 182, 415 N.E.2d 1027.) Here, although defendants initially agreed to the erroneous instruction, the court was afforded an opportunity to correct the error when defendants objected to the court's reply to the jury's inquiry. (*People v. Lipscomb* (1977), 46 Ill. App. 3d 303, 305; *People v. Land* (1975), 34 Ill. App. 3d 548, 551, 340 N.E.2d 44.) Accordingly, the court's error in submitting the instruction cannot be considered waived under these circumstances.

For the foregoing reasons, the judgment of the circuit court of Cook County must be reversed and the cause is remanded for a new trial.

Reversed and remanded.

STAMOS and DOWNING, JJ., concur.