THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHARLES G. MORRISON, Defendant-Appellant.

Second District   No. 2—84—0623

Opinion filed November 26, 1985.—Rehearing denied December 31, 1985.

596

Thomas R. Harris and J. Steven Beckett, both of Reno, O'Byrne & Kepley, of Champaign, and Daniel Cain, of Sreenan & Cain, of Rockford, for appellant.

Daniel Doyle, State's Attorney, of Rockford (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Charles Morrison, was charged with three counts of obscenity, each dealing with the sale of an allegedly obscene magazine. (Ill. Rev. Stat. 1983, ch. 38, par. 11—20(a)(1).) At a jury trial defendant was found guilty on all three counts. Defendant was sentenced to conditional discharge for a period of 12 months and assessed a fine of $1,500. Defendant filed a timely notice of appeal.

On appeal, defendant contends: (1) that the Illinois obscenity statute is unconstitutionally vague, indefinite, and uncertain; (2) that the State's Instruction No. 12 incorrectly stated the law of obscenity; and (3) that the prosecutor's remarks to the jury, in particular his repeated references to the jurors as members of the community of Illinois, misled the jury and prejudiced its deliberation.

At defendant's trial Detective Steven D. Olson of the Rockford police department testified that at about 10 a.m., on July 21, 1983, he entered an adult book store at 519 W. State Street in Rockford. As he entered the book store, he was stopped by defendant who was behind the counter and who told the officer he would have to pay a 50¢ browsing fee. The officer related that within the book store there were numerous magazines, all depicting sexually explicit activities on both the front and back covers. Olson selected three magazines, brought them to the counter where defendant was located, and placed them face down. Defendant picked each magazine up, turned it over, looked at the price, and rang it up on the cash register. Later in the day, at approximately 2 p.m., the witness and other officers returned to the book store to arrest defendant.

The State's other witness was David B. MacMurchy, an officer assigned to the identification section of the Rockford police department. MacMurchy related that on the day of defendant's arrest the officer took photographs of the exterior and interior of the adult book store at 519 W. State Street. MacMurchy identified the photographs and described what each picture depicted.

Defendant's expert witness, Dr. Roderick Bell, presented testimony regarding a public opinion poll he conducted which was de-

signed to establish the attitude of adults living within the State of Illinois as to sexually explicit materials. Defendant's other witness, Phillip Lark, testified that he went to various adult book stores in different communities within the State of Illinois where he purchased sexually explicit magazines comparable to the materials involved in the defendant's trial.

During the State's closing argument, the prosecutor argued that the testimony of defendant's two witnesses was designed to show the jurors that because sexually explicit materials were available in other counties, this availability indicated such materials were acceptable in the State of Illinois. The prosecutor then stated:

"I am telling you that simply because other counties in this State and bookstores in other counties in this State are allowed to operate and allowed to sell this type of material does not mean that we are going to allow them to be sold in Winnebago County."

Defendant's objection to the prosecutor's reference to "Winnebago County" was overruled.

At the jury instruction conference the State tendered the People's instruction No. 12 (Illinois Pattern Jury Instruction (IPI), Criminal, No. 9.57 (2d ed. 1981)) which gave a definition of "obscenity." This instruction was given over defendant's objection that it incorrectly stated the law regarding obscenity. Defendant's instructions Nos. 5 and 6 (non-IPI), which were refused, were claimed to set forth the tripartite test for obscenity under Illinois law and the application of community standards to that test.

The jury found the defendant, Charles D. Morrison, guilty of the crime of obscenity on all counts. The court imposed a sentence of 12 months' conditional discharge and a fine of $1,500.

■■ Defendant's first contention is that the Illinois obscenity statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—20) is unconstitutionally vague, indefinite, and uncertain. This issue and defendant's arguments are nearly identical to the first issue in *People v. Pope* (1985), 138 Ill. App. 3d 726, with which the instant case was consolidated for oral argument. We adopt our positions set forth in *Pope* on this first issue and refer the parties to our opinion in *Pope* for our discussion of this similar issue in which we conclude, as here, that the obscenity statute is constitutional.

■■ ■ Next, defendant contends that People's instruction No. 12 incorrectly stated the law of obscenity and, therefore, should not have been given. It is true that jury instructions should not be misleading or confusing (*People v. Gathings* (1981), 99 Ill. App. 3d 1135,

1138, 425 N.E.2d 1313), but jurors are properly instructed if all the instructions construed together, properly inform them of the applicable law. (*People v. Gerecke* (1977), 45 Ill. App. 3d 510, 517, 359 N.E.2d 1178.) Moreover, any confusion or ambiguity in an instruction may be cleared up by another instruction, as no single instruction is required to set forth all the relevant law on a single subject. *People v. Mills* (1968), 40 Ill. 2d 4, 15, 237 N.E.2d 697; *People v. Jones* (1975), 26 Ill. App. 3d 78, 85, 325 N.E.2d 56.

■■ ■ People's instruction No. 12 was taken from IPI Criminal 2d No. 9.57, and unless the trial court determines that a pattern instruction does not accurately state the law, that instruction should be used. (87 Ill. 2d R. 451(a); *People v. Haywood* (1980), 82 Ill. 2d 540, 545, 413 N.E.2d 410.) Here, the instruction in dispute accurately stated the law regarding when material would be considered obscene. People's instruction No. 12 stated:

> "A thing is obscene if considered as a whole, its predominant appeal is to a prurient interest, that is, a shameful or morbid interest in nudity, sex, or excretion, *and,* it goes substantially beyond customary limits of candor in its description or representation of such matters; for example, by a patently offensive description or representation of ultimate sexual acts, normal or perverted, actual or simulated, or by a patently offensive description or representation of masturbation, excretory functions, or lewd exhibition of the genitals, *and,* it is utterly without redeeming social value.
>
> In determining whether a thing is obscene, you are to consider how it would be viewed by ordinary adults in the whole State of Illinois rather than by the people in any single city or town or region within the State." (Emphasis added.) (IPI Criminal 2d No. 9.57 (2d ed. 1981).)

As evident from the instruction itself, it informed the jurors that all three elements in the tripartite test for obscenity needed to be present in the material under review for that material to be deemed "obscene." (*Miller v. California* (1973), 413 U.S. 15, 25, 37 L. Ed. 2d 419, 431, 93 S. Ct. 2607, 2615; *People v. Ridens* (1974), 59 Ill. 2d 362, 373, 321 N.E.2d 264.) Thus, defendant's claim that the instruction did not so inform the jurors is without merit.

■ We also find meritless defendant's claim that the phrase "for example" in People's instruction No. 12 improperly guided the jurors in their decision. Defendant appears to argue that the use of the phrase "for example" may have misguided the jurors into believing that conduct other than the examples set out in *Miller v. California*

could be considered obscene according to the Illinois obscenity statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—20) and that, therefore, this incorrect impression may have influenced the jurors' decision regarding the obscenity or nonobscenity of the magazines in question. However, a simple examination of the magazines clearly illustrates that they fell within the examples defined in *Miller* and, thus, we believe it was both unnecessary and unlikely that the jurors considered depictions not exemplified by People's instruction No. 12.

■ Additionally, defendant's complaint that the instruction omitted any reference to community standards is misplaced. Although People's instruction No. 12 does not utilize the terminology "community standard," the instruction clearly directed the jurors to determine how the magazines in question would be viewed by ordinary adults in the whole State and not just by people in a single city, town, or region. Therefore, we find instruction No. 12 distinguishable from those tendered in *People v. Will* (1975), 30 Ill. App. 3d 35, 332 N.E.2d 53, and *People v. Watson* (1975), 26 Ill. App. 3d 1081, 325 N.E.2d 629, upon which defendant relies in his reply brief. In *Will,* unlike the case at bar, "no reference to 'community standard' or any form thereof" (*People v. Will* (1975), 30 Ill. App. 3d 35, 36, 332 N.E.2d 53) was contained in the given instruction. In *Watson,* no statewide standard was mentioned in the instruction given nor was any other evidence presented by either party in regard to a contemporary statewide community standard. Here, People's instruction No. 12 defined the extent of the "community" by which the standard was to be measured and instructed the jury that it could not adopt a "community" lesser than statewide. Moreover, the court also tendered to the jury defendant's instruction No. 1, which specifically stated that in determining the obscenity of the material in question the jurors were not to apply their own personal standards but rather the community standard for the State of Illinois.

■ Finally, in arguing that People's instruction No. 12 was erroneously given, defendant argues that the obscenity definition in the instruction was improper because it allowed the jurors to apply a community standard instead of an objective one in determining whether the magazines were "utterly without redeeming social value." We choose to dismiss this argument by simply pointing out that the United States Supreme Court has never held that an objective standard as opposed to a community one should be applied in adjudging if materials are "utterly without redeeming social value." On the facts of this case, we see no reason why we should hold otherwise.

■ Defendant's last contention is that the prosecutor's references during his closing argument to the jurors as members of the "community" resulted in their using a personal standard, or a county standard, rather than a statewide standard in judging whether the materials in question were obscene. Specifically, defendant argues that the prosecutor's statements were purposefully directed towards misleading the jurors into thinking that they could judge the magazines in question entirely on a community standard of Winnebago County and on their own personal opinions. We do not read the prosecutor's remarks to be either misleading or prejudicial and believe defendant has misinterpreted them. Rather, we are of the opinion that the correct interpretation is that advocated by the State, *i.e.*, that the prosecutor's references to Winnebago County were part of a valid argument based on evidence presented by defendant in the form of testimony by Phillip Lark regarding the availability of obscene materials in other counties and by Dr. Roderick Bell regarding the results of his survey of sexually explicit materials. We believe the prosecutor was indicating that despite the reluctance of other counties to prosecute those who sell sexually explicit materials, Winnebago County was not going to be equally reluctant. We do not perceive the prosecutor's remarks as an attempt to influence the jurors into applying what they considered to be the community standard of Winnebago County to the materials in question. Since a prosecutor may comment on the evidence presented and reasonable inferences that can be drawn therefrom (*People v. Faysom* (1985), 131 Ill. App. 3d 517, 523, 475 N.E.2d 945), we do not find the remarks in question improper.

■ Moreover, even if the prosecutor's references to the community of Winnebago County and to the jurors as members of that community could be considered improper, they did not amount to reversible error. Subsequent to the prosecutor's closing statements, defense counsel in his closing comments stressed that the jury was not to judge the magazines by the jurors' personal standards. Rather, the jury was told to apply a "community standard" which meant a statewide standard and not a standard limited to the community of Winnebago County. Additionally, as pointed out above, People's instruction No. 12 and defendant's instruction No. 1 emphasized the fact that in determining if materials were obscene, the jurors had to consider how the materials would be viewed by ordinary adults in the whole State of Illinois rather than by people in any single city, town, or region within the State. Thus, in our opinion the prosecutor's remarks did not prejudice defendant's conviction.

For the reasons set forth above, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

STROUSE and UNVERZAGT, JJ., concur.