THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD LEE WALKER, Defendant-Appellant.

Fifth District   No. 5—90—0822

Opinion filed April 13, 1992.

Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

· Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Ronald Lee Walker, appeals both his conviction for first-degree murder after a jury trial and his sentence of natural-life

imprisonment imposed by the circuit court of St. Clair County. We affirm.

On the evening of May 21, 1990, the victim, Henry (Steve) Johnson, and two friends drove to Illinois from Missouri in search of a particular tavern owned by another friend of the victim. The tavern, however, was closed for the evening. The three decided to drive around the area looking for another tavern but did not find any to their liking. They then decided to buy some alcohol for the ride back and started driving around East St. Louis looking for a liquor store. Eventually, they pulled into the parking lot of a store. The victim got out and went inside while his friends waited in the car. Defendant, who had been sitting outside the store, followed the victim inside. Defendant stood by the victim's shoulder and watched while the victim paid for his purchases. The victim was carrying a large amount of money in his wallet. After completing his purchase, the victim walked back outside and started to get inside his car. Defendant, however, stood by the car door, preventing it from closing, pulled out a gun and demanded the victim's money. The victim asked, "Why are you messing with me?" and the defendant shot him in the chest. Defendant again demanded the victim's money and threatened to shoot the victim's companions. As the victim attempted to get out his money, one of his friends reached over, grabbed the steering wheel, stepped on the gas pedal and drove out of the parking lot. The door of the car was still open, however, and the victim fell out on the street. Believing defendant was following them, the victim's friends drove on to another area to call the police. Defendant was arrested shortly thereafter. The victim died at the scene from the gunshot wound. Defendant claimed at trial that the victim approached him in order to buy drugs, and when defendant told him he could not help him, the victim grabbed him by the shoulder and started coming at him. Defendant panicked and shot the victim. The jury found defendant guilty of first-degree murder.

Defendant raises two issues on appeal. For his first issue, defendant argues he was deprived of a fair trial when the trial court gave its own instruction to the jury over his objection. The jury originally had been instructed on first- and second-degree murder and involuntary manslaughter based on instructions number 7.01A, 2.01I, 26.01I and 7.06A of the Illinois Pattern Jury Instructions, Criminal (2d ed. Supp. 1989) (hereinafter IPI Criminal 2d). During deliberations, however, the jury sent a note to the court asking for an interpretation of the law. Accompanying the note were two instructions: one defining first-degree murder (IPI Criminal 2d No. 7.01A (Supp. 1989)), and the sec-

ond directing the jury to deliberate on first-degree murder, and if it concluded that the elements of first-degree murder had been proved, to determine whether the offense should be reduced to second-degree murder (IPI Criminal 2d No. 7.06A (Supp. 1989)). The trial court, noting the instructions were confusing, drafted a non-IPI instruction based on IPI Criminal 2d No. 7.02A (Supp. 1989), which read:

"To sustain the charge of first degree murder, the State must prove the following propositions:

FIRST: That the defendant performed the acts which caused the death of Henry Johnson; and

SECOND: That when the defendant did so,

1) he intended to kill or do great bodily harm to Henry Johnson;

or

2) he knew that his acts would cause death to Henry Johnson;

or

3) he knew that his acts created a strong probability of death or great bodily harm to Henry Johnson;

or

4) he was attempting to commit or was committing the offense of Armed Robbery.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

The offense of second degree murder may not be based upon first degree murder under felony murder (paragraph 4).

If the second element of the first degree murder instruction is found to be based on paragraph four (4) 'he was attempting to commit or was committing the offense of Armed Robbery', then it is not necessary for you to consider the issue of second degree murder.

If the second element to the first degree murder instruction is found to be any one of the first three (3) paragraphs of the second element then you shall consider the issue of second degree murder, as provided in these instructions."

Defendant believes this instruction unduly emphasized the offense of first-degree murder thereby giving the jury the impression it only had one option to consider to the exclusion of less serious alternatives in-

cluding acquittal. Defendant therefore concludes he is entitled to a new trial.

■ We agree with the general proposition that when applicable, a trial court must use a pattern jury instruction in a criminal case if one exists, and that when there is no pattern jury instruction on a particular subject on which the court determines the jury should be instructed, the instruction given should be "simple, brief, impartial, and free from argument." (134 Ill. 2d R. 451(a).) We also recognize, however, that the purpose of jury instructions is to guide the jury in its deliberations and to help it reach a proper verdict through application of legal principles to the evidence. (*People v. Hester* (1989), 131 Ill. 2d 91, 98, 544 N.E.2d 797, 801; *People v. Singleton* (1991), 217 Ill. App. 3d 675, 690, 577 N.E.2d 838, 848.) Consequently, when a jury raises an explicit question on a point of law, the trial court has a duty to attempt to clarify the issue in the minds of the jury even though the jury initially was given proper instructions. (See *People v. Sandy* (1989), 188 Ill. App. 3d 833, 842, 544 N.E.2d 1248, 1253; *People v. Land* (1975), 34 Ill. App. 3d 548, 550, 340 N.E.2d 44, 46.) Nothing in Rule 451(a) excuses the trial court from this obligation. See *Land*, 34 Ill. App. 3d at 551, 340 N.E.2d at 46.

■ We believe the supplemental instruction given here accurately stated the law and, contrary to defendant's contention, did not overemphasize first-degree murder. Rather, the court's instruction clearly delineated the choices available to the jury and alleviated confusion by informing the jurors they could not reach the issue of second-degree murder if they determined defendant was guilty of first-degree murder based on felony murder. The instruction further informed the jurors they could find the defendant not guilty if they determined the State had failed to prove any one of the elements beyond a reasonable doubt, or if they concluded the evidence established first-degree murder on a basis other than felony murder, they should consider the issue of second-degree murder. All but the last three sentences/paragraphs were from IPI Criminal 2d No. 7.02A (Supp. 1989), and the instruction as a whole was simple, brief and impartial. We therefore find no error in the trial court's supplemental instruction given in response to the jurors' question expressing their confusion about the instructions previously given them. (See *People v. Stevenson* (1990), 198 Ill. App. 3d 376, 386-87, 555 N.E.2d 1074, 1080; see also *Sandy*, 188 Ill. App. 3d at 842, 544 N.E.2d at 1253; *cf. People v. Gathings* (1981), 99 Ill. App. 3d 1135, 1137, 425 N.E.2d 1313, 1315-16 (instructions suggested defendant guilty of an offense; jury did not have acquittal as option); *People v. Godbout* (1976), 42 Ill. App. 3d 1001, 1009, 356

N.E.2d 865, 872 (numerous instructions calling particular attention to certain portions of evidence).) Moreover, the instructions as a whole properly instructed the jury on all theories and certainly did not emphasize first-degree murder more than a lesser offense or acquittal. (See *Hester,* 131 Ill. 2d at 98, 544 N.E.2d at 801; *Singleton,* 217 Ill. App. 3d at 690, 577 N.E.2d at 848.) Consequently, we affirm defendant's conviction for first-degree murder.

Defendant next asserts his sentence of natural-life imprisonment is excessive and an abuse of the court's discretion. Defendant believes the court, in fashioning his sentence, was primarily concerned with the seriousness of the offense and gave little credence to his rehabilitative potential in spite of his young age and lack of prior violent criminal record.

As we have stated before: "[T]he imposing of punishment is one of the most important and sensitive of judicial responsibilities and we, as a reviewing court, must give great weight to the judgment of the trial court. [Citation.] We therefore will modify a sentence only when 'the punishment clearly departs from the spirit and purpose of fundamental law ***.' " (*People v. Generally* (1988), 170 Ill. App. 3d 668, 677, 525 N.E.2d 106, 111, quoting *People v. Treadway* (1985), 138 Ill. App. 3d 899, 904, 486 N.E.2d 929, 933.) The rationale for such a position is that the trial court is in a superior position to consider the particular factual circumstances of each case as well as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. (See *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884; *People v. Singleton* (1983), 124 Ill. App. 3d 386, 397-98, 464 N.E.2d 624, 631.) Age and rehabilitative potential are not the sole factors to be considered (see *Generally,* 170 Ill. App. 3d at 677, 525 N.E.2d at 111), nor is the court required to find a defendant has no rehabilitative potential before sentencing him to a term of natural life. *People v. Chambers* (1990), 200 Ill. App. 3d 538, 549, 558 N.E.2d 274, 282.

■ Here, defendant followed the victim inside the liquor store and watched him pay for his purchases. Observing the fact the victim had a large amount of cash in his wallet, defendant followed the victim back outside the store and demanded the money be turned over to him. When the victim questioned defendant, defendant shot him and then threatened to do the same to his friends. The victim handed over some money, but defendant still was not satisfied. After the companions fled, defendant threatened to kill anyone who revealed that he was the one who killed the victim. Clearly defendant's actions were cold-blooded. After having already shot the victim, defendant showed

no compassion and instead demanded more money and threatened others. Under such circumstances, the trial court was more than justified in believing defendant is a dangerous individual. We also find no error in the trial court stating it believed defendant had lied while testifying. Moreover, a sentencing court properly may consider what it believes to have been perjury committed by a defendant during trial as a factor affecting potential for rehabilitation. (*Singleton*, 124 Ill. App. 3d at 399, 464 N.E.2d at 632.) Finally, defendant has a lengthy criminal record and already has failed at several opportunities for rehabilitation. In view of the evidence at trial and defendant's history and character, we cannot say the trial court abused its discretion in sentencing defendant to natural-life imprisonment. We reiterate it is not the province of this court to reduce a sentence merely as an act of judicial clemency. *People v. Barber* (1983), 116 Ill. App. 3d 767, 779, 452 N.E.2d 725, 733.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

GOLDENHERSH, P.J., and HARRISON, J., concur.