THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IRA LEROY JONES, a/k/a "Chico" Jones, Defendant-Appellant.

Fourth District   No. 13318

Opinion filed August 12, 1976.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Robert C. Perry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant, Ira Leroy Jones, was indicted, tried and found guilty in a jury trial of the murder of Larry Pearson. Defendant was sentenced to an indeterminate term of imprisonment with the minimum fixed at 20 years and the maximum at 30 years. Defendant appeals.

The incident which gave rise to this cause occurred on December 1, 1973, at defendant's residence, which was located at 1306 West Beech, Urbana.

On the evening in question Pearson walked from his residence at 1305 West Beech over to 1306 West Beech and met defendant. He and defendant then engaged in a discussion and an argument ensued. According to defendant, Pearson threatened him and then returned to his residence. A few minutes later Pearson returned to the defendant's residence and confronted the defendant. They exchanged some words and then Pearson began to come toward the defendant. Defendant testified that he told Pearson to stop but that Pearson kept coming. Defendant then took a revolver, which he had obtained just prior to the time Pearson returned to defendant's residence, and fired into the ground. According to defendant, Pearson kept advancing and at the same time reached into his pocket. Defendant then fired another shot, this time into the air. When Pearson failed to halt, defendant shot him in the lower right side of his neck, mortally wounding him. Defendant insisted that he shot Pearson in his own self-defense.

The trial court gave the following instruction to the jury regarding the offense of murder:

"To sustain the charge of murder, the State must prove the following propositions:

*First Proposition*: That the defendant performed the acts which caused the death of Larry Pearson;

*Second Proposition*: That when the defendant did so, he intended to kill or do great bodily harm to Larry Pearson, or he knew that his acts would cause death or great bodily harm to Larry Pearson, or he knew that his acts created a strong probability of death or great bodily harm to Larry Pearson, and

*Third Proposition*: That the defendant was not justified in using the force which he used; and

*Fourth Proposition*: That the defendant did not believe that circumstances existed which justified the use of the force which he used.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of murder.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of murder."

As the verdicts were returned and the jury discharged, the trial judge made the following statement for the record:

"The Court states for the record that while the jury was deliberating on their verdict on the evening of June 12, 1974, and at approximately the hour of 9:30 to 10:00 o'clock p.m., the bailiff presented the Court with a note brought from the jury room, together with the People's Instruction Number 22. The note was as follows: 'Can the Judge interpret the fourth proposition? Not evidence to prove or disprove it. Just a statement?' The instruction was returned to the jury room because the Court felt there was no way he could by written instruction clarify what was said in it; and of course realizing he could not properly orally talk to the jury or interpret anything. The bailiff was instructed to simply tell the foreman, 'No the Court could not.' The note itself, bearing the date of June 12, 1974, the hour of 9:30 to 10:00 o'clock p.m. has been placed in the file."

It is urged on appeal that the trial court committed reversible error when it refused to answer the jury's question, and further compounded the error by not advising the defendant or his counsel of the inquiry.

We note that the defendant did not register an objection when being initially advised of the note from the jury and the manner the court had disposed of the matter. Furthermore, the defendant's post-trial motion made no reference to the issues now raised on appeal. The State submits that the defendant has waived these issues. In defendant's reply brief it is urged that the error complained of was plain error and thus cognizable under Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615).

Defendant argues that the trial court committed reversible error in three respects; first, by not attempting to clarify the instructions in question; secondly, by concluding that it could not talk to the jurors or interpret the instruction; and lastly, the trial court should not have communicated with the jurors without the defendant and his attorney being present.

Defendant's first contention is that the trial court should have given the jurors additional instructions, and that failure to do so was plain error. Defendant cites *People v. Land* (1975), 34 Ill. App. 3d 548, 340 N.E.2d 44, as being dispositive of this issue.

In *Land,* the trial court assembled the jurors in open court in the presence of the defendant and his counsel. At that time the jurors indicated that they had a question involving the language found in one of the instructions. The judge replied that he could not interpret the words found in the instructions for them and then sent them back for further deliberations. The defendant was found guilty of voluntary manslaughter. The appellate court, in holding the trial court's action was reversible error, noted that the trial court should have permitted the jurors to indicate what portion of the instructions were presenting them with problems. The court stated:

"At the very least in the present case, the trial court, when informed in open court that the jury was having difficulty with some words had the obligation to learn what language was causing the confusion and if possible, attempt to clarify it." 34 Ill. App. 3d 548, 551, 340 N.E.2d 44, 46-47.

■■ It is the general rule that additional instructions may be given in a criminal case after the jury has retired provided that the State, the defendant and his counsel are present and are given the opportunity to submit further instructions. (*People v. Harmon* (1968), 104 Ill. App. 2d 294, 244 N.E.2d 358; *People v. Kucala* (1972), 7 Ill. App. 3d 1029, 288 N.E.2d 622.) This rule does not require the trial judge to issue additional instructions in all cases, especially if the trial judge determines that further instructions would serve no useful purpose. This, of course, means that the trial judge must first ascertain the nature of the jurors' confusion before refusing to further instruct. *Land.*

In the case at bar the trial court was aware of the nature of the jury's

concern. The record reflects this particular fact. The jurors themselves thoroughly advised the court of their plight. We do not have a situation such as the one found in the *Land* case where the trial judge refused to determine the nature of the jurors' problem. Furthermore, the court was aware of the fact that the jurors were given instructions on murder and justifiable use of force combining Illinois Pattern Jury Instructions, Criminal (ed. 1968) (hereinafter cited as IPI Cr.) No. 7.02 and 25.05. The jurors were also given separate instructions on murder (IPI Cr. No. 7.01), justifiable use of force (IPI Cr. No. 24.06, voluntary manslaughter (IPI Cr. No. 7.05), and an issues instruction on voluntary manslaughter (IPI Cr. No. 7.06) as well as a definition of reasonable belief (IPI Cr. No. 14.13).

■■ Granted it would have been better procedure to call the jury into open court, in the presence of defendant and his counsel, and the State's Attorney, and further inquire of the jurors regarding their problem. However, in light of the fact the record reveals the trial court was aware of the jury's problem, and that the jury had been fully instructed by the court, the trial court's conclusion that it could not further instruct the jury was not reversible error.

Defendant next argues that the trial court erroneously believed that it did not have the authority to give additional instructions to the jurors. As aforenoted, the trial court may give additional instructions in a criminal case if necessary. The record indicates that the trial court believed it could not discuss the instructions with the jurors, but nowhere in the record does it appear that the trial judge believed that he could not further instruct the jurors. The trial judge was correct in assuming that he could not engage in a colloquy with the jurors concerning the instructions. We are certain that the trial court, in its statements abstracted herein, meant that it could not discuss the problem with the jurors and it could not, under the circumstances, supply them with clarifying instructions which would solve their dilemma. By so doing the trial court did not commit error.

Lastly, defendant submits that the trial court communicated with the jurors by having the bailiff tell them that the court could not discuss the matter with them. We believe that what the trial court, in effect, did was to refuse to communicate with the jurors. There is no doubt in our minds that if the trial court would have communicated with the jurors out of the presence of the defendant and his attorney there would be very strong likelihood of the commission of plain error, but this was not done.

We also note in passing that the court's refusal to communicate with the jurors was properly conveyed to the jurors through the bailiff, the jurors' custodian. *People v. Adams* (1967), 36 Ill. 2d 492, 224 N.E.2d 252.

Accordingly, we find that the trial court did not commit prejudicial error. Since the error complained of by the defendant was not prejudicial

and it was not properly preserved by defendant at trial, by filing the appropriate post-trial motion, we find that the error was waived. *(People v. Estes* (1976), 37 Ill. App. 3d 889, 346 N.E.2d 469.) Therefore the judgment of the trial court is hereby affirmed.

Judgment affirmed.

CRAVEN, P. J., and GREEN, J., concur.