THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID EUGENE STULLER, Defendant-Appellant.

Fifth District   No. 77-403

Opinion filed April 27, 1979.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Mary Chay, research assistant, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal by the defendant, David Eugene Stuller, from a judgment of conviction of murder entered after a jury trial in which verdicts of guilty of murder and guilty of voluntary manslaughter were returned. Although the appellant has raised numerous issues on this appeal, we conclude that only one of these merits discussion in this opinion. That is whether the trial court erred in vacating the verdict of guilty of voluntary manslaughter and entering judgment on the verdict of guilty of murder. In light of the evidence adduced at trial and the defective murder instruction given to the jury, we conclude that the verdict finding the appellant guilty of voluntary manslaughter must be upheld and the murder conviction vacated.

It is first necessary to examine the evidence adduced at the trial of this cause. The fatal shooting occurred in a tavern, a few minutes after an altercation between appellant and the victim. The appellant's testimony at trial indicated that: (1) he knew that the victim was armed with a handgun; (2) the victim was prone to violence, having accosted appellant with a knife and a pool cue on previous occasions; (3) the victim struck appellant with a beer bottle during an altercation which took place shortly before the shooting, and (4) the victim was reaching for his gun before appellant drew his weapon and fired. Most of this testimony was substantially corroborated by both State and defense witnesses. The controversy centers around the appellant's testimony that the victim reached for a gun. A defense witness and a witness called by the trial court agreed with appellant's version. However, the testimony of two of the State's witnesses was to the contrary. The other witnesses called by the State were not certain as to whether the victim tried to draw his gun. ■■ Although a court of review cannot invade the province of the fact-finder, "neither can we read a transcript in a vacuum totally divorced from the realities and experience of life." (*People v. Vaughn* (5th Dist. 1975), 26 Ill. App. 3d 247, 252, 324 N.E.2d 697, 700.) Accordingly, the evidence in this case must be scrutinized in light of the distinction which

our legislature has drawn between murder and voluntary manslaughter and the way in which the jury was instructed regarding this distinction.

The crime of voluntary manslaughter is defined in our statutes as follows:

> "A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable." (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(b).)

One of the "principles" referred to in the statute is, obviously, self-defense. Ill. Rev. Stat. 1978, ch. 38, par. 7—1.

Thus, in defining the crime of voluntary manslaughter, the legislature has struck what has been termed a "legal compromise" between murder and exoneration, recognizing but not excusing a human weakness consisting of an intense (or irresistible) passion caused by serious provocation, resulting in homicide. (Ill. Ann. Stat., ch. 38, par. 9—2, Committee Comments, at 206 (Smith-Hurd 1972).) Indeed, this court has noted that "[i]t is the genius of our law that, while not condoning unreasonable behavior, it nevertheless recognizes and takes into account that human beings may reach unreasonable beliefs, given the circumstances of the moment and the conditions under which beliefs are formulated and drawn." *People v. Vaughn* (1975), 26 Ill. App. 3d 247, 255, 324 N.E.2d 697, 702.

Because the jury in this case returned a verdict of guilty of voluntary manslaughter, it necessarily found that the appellant believed, albeit unreasonably, that circumstances existed which justified his action. Such a finding was compelled by the substantially uncontroverted evidence that the victim was armed, prone to violence, and had struck appellant with a beer bottle just prior to the shooting. As previously noted, the only controversy in the evidence was whether the victim actually reached for his weapon. However, this controversy goes more to the question of the reasonableness of appellant's belief, rather than whether appellant believed that circumstances existed which justified the shooting.

On the other hand, the fact that a verdict of guilty of murder was also returned does not negate the jury's finding of voluntary manslaughter. The multiple verdicts were the result of a crucial element of the murder instruction being omitted. According to the Illinois Pattern Jury Instructions for criminal cases (hereinafter IPI), the following element should have been included in the murder instructions:

> "To sustain the charge of murder, the State must prove the following propositions: * * *" That the defendant did not believe

that circumstances existed which justified the use of the force which he used."

IPI Criminal No. 27.01 (1968).

The manifest purpose of this element of the murder instruction is to make the jury aware of the distinction between the crimes of murder and voluntary manslaughter to which we have alluded above. The omission of this instruction constituted error under Rule 451(a) of the Illinois Supreme Court:

> "Whenever Illinois Pattern Instructions in Criminal Cases (IPI-Criminal) contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI-Criminal instruction shall be used, unless the court determines that it does not accurately state the law." Ill. Rev. Stat. 1977, ch. 110A, par. 451(a).

Thus, on one hand, the verdict of guilty of voluntary manslaughter shows that appellant was found by the jury to have believed that circumstances existed which justified the killing but that such belief was unreasonable. The evidence supports this finding. On the other hand, however, due to the erroneous omission of the above-quoted element of the murder instruction, the verdict of guilty of murder would have been in full accord with the court's instruction which permitted the return of such verdict without a finding that the defendant did not believe that circumstances existed which justified the use of the force which was used. Under these circumstances, we conclude that the defendant was guilty of voluntary manslaughter and that his murder conviction must be set aside.

We are not unmindful of the fact that appellant neither tendered the appropriate murder instruction, nor made a specific objection to the giving of the defective instruction. However, as we noted in *Vaughn*, 26 Ill. App. 3d 247, 255, "[T]he Appellate Court pursuant to the authority given to courts of review under Rule 615 of the Illinois Supreme Court, may notice plain errors or defects affecting substantial rights and may reduce the degree of the offense of which the appellant was convicted." (See *People v. Cooke* (5th Dist. 1968), 93 Ill. App. 2d 376, 236 N.E.2d 97.) In light of the jury's finding that the appellant believed that circumstances existed which justified the killing and the ample evidence supporting this finding, we conclude that the defective murder instruction gave rise to plain error affecting substantial rights. Accordingly, we find that the appellant was guilty of voluntary manslaughter.

Finally, defendant contends that he could not properly be convicted of armed violence as charged in the information on the grounds that he is charged with assaulting Glenda Floyd and Wayne Harstad, two bystanders who were inadvertently struck by shots fired by him at the

deceased victim. Defendant argues that the testimony of Mrs. Floyd does not clearly and convincingly establish that she was in reasonable apprehension of receiving an injury before she was wounded. Further, defendant contends that Harstad was not aware that shots were being fired by defendant until he was struck and thus could not have been the victim of an assault. We are not persuaded that either of these positions has merit. The jury heard the testimony of Mrs. Floyd along with the other evidence and was entitled to believe her uncontradicted testimony. (*People v. Yarbrough* (1977), 67 Ill. 2d 222, 367 N.E.2d 666.) Similarly, Harstad testified that after he was struck by a shot fired by defendant, he took evasive actions to avoid being hit by subsequent shots which were then being fired. Defendant relies on *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37, in which the supreme court held a complaint defective that alleged the defendant had committed an assault by striking the victim. The supreme court concluded that to commit an assault there must be conduct which places another in a reasonable apprehension of receiving a battery and that if there has been any touching or other form of physical contact with the victim, a battery has been committed and not an assault, assuming the presence of the other requirements of battery. Obviously, the instant case is distinguishable, because Harstad had every cause to be in reasonable apprehension of receiving a further battery as to shots fired subsequent to his being wounded.

For the foregoing reasons, defendant's conviction of murder is reversed and his conviction of armed violence is affirmed. We find that under the evidence, the appellant was guilty of voluntary manslaughter and remand the cause to the Circuit Court of Madison County with instructions to enter a finding of guilty of voluntary manslaughter and to impose an appropriate sentence.

Affirmed in part and reversed in part and remanded with directions.

G. MORAN, P. J., and KARNS, J., concur.