THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GRAYLAN MORRIS, Defendant-Appellant.

Second District   No. 79-88

Opinion filed February 20, 1980.—Rehearing denied March 27, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The sole issue presented by this appeal is whether the trial court's refusal to clarify a point of law for the jury resulted in substantial prejudice to the defendant.

Defendant, Graylan Morris, was charged with the offense of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)) at the home of Joseph Bakshis in

North Chicago. Defendant was found guilty as charged following a trial by jury.

Defendant had been apprehended while attempting to drive away from the Bakshis home. Subsequent police investigation disclosed that defendant had Bakshis' bank book in his possession. Defendant indicated that he had found it. The police discovered that the back door latch of the home had been broken and a window had been removed from the living room. Additionally, Bakshis' stereo set had been stacked up at the front door and several of the bedroom dresser drawers had been pulled out.

During the course of the trial, a latent print examiner testified that Morris' palm print had been found on the living room window which had been removed from the Bakshis home. However, defendant's cross-examination of several of the police officers disclosed that the side of the window containing the palm print may not have been dusted until several days after the burglary. During that time, the window had been located in the same room where defendant was being questioned. Thus, defendant had the opportunity to place a palm print on the window subsequent to the burglary. He so testified at the sentencing hearing.

Defendant's mother and stepfather testified that defendant had been shot three times on September 13, 1977. One of the bullets was removed, but the other two remained in his body. Three discs from his back were also removed. Subsequent to the shooting, defendant walked with a limp. Moreover, police officers investigating the Bakshis burglary testified that defendant had complained of pain and had requested some medicine and a cane. Consequently, some doubt may have been raised in the jury's mind as to defendant's ability to lift the heavy stereo set or to attempt an entry of the home through the living room window.

Finally, an investigating officer testified that, upon questioning, Morris stated that he and Chris Armstrong had both been at the scene of the Bakshis burglary. Morris stated that Armstrong went to the rear of the home while Morris waited. After several minutes Morris searched, unsuccessfully, for Armstrong at the rear of the home. Morris then returned to his automobile and was stopped by the police. Armstrong was also charged with the Bakshis burglary, but was no longer in custody at the time of defendant's trial.

Following closing arguments the jury received the instructions. The jury was properly instructed as to the elements of burglary. (Illinois Pattern Instructions, Criminal, Nos. 14.05, 14.06 (1968) (hereinafter IPI).) Over objection of defense counsel, the jury was given People's instruction No. 10 allowing them to infer the defendant's participation in the burglary from his unexplained possession of recently stolen property. (See IPI Criminal No. 13.21.) No accountability instruction was offered by the

State, and the jury was not instructed as to accountability. See IPI Criminal No. 5.04.

During the course of the deliberations the jury sent the trial judge a note with the following question:

> "If a person comes into possession of property obtained illegally by another can he be presumed guilty of burglary even though he, himself, may never have illegally entered the building or removed the property?"

The trial court answered:

> "Not a proper question! You must decide the case on the instructions as given."

The jury returned a verdict of guilty on the charge of burglary. The defendant failed to file a post-trial motion as required under section 116—1 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1977, ch. 38, par. 116—1.) The defendant was subsequently sentenced to a term of three years in the Department of Corrections. This appeal followed.

The defendant argues that the jury evinced some confusion regarding defendant's accountability if he had not actually entered the burglarized home. If their verdict resulted, in part, from this confusion, then the defendant was prejudiced by the court's failure to respond to the jury's request for additional instructions. We agree.

■■ We note that the defendant did not object—either at the time or by way of a post-trial motion—to the court's failure to give additional instructions. However, the failure to respond to the jury's request resulted in substantial prejudice to the defendant. Therefore, the interests of justice require that we consider the issue despite the absence of objection. *People v. Land* (1975), 34 Ill. App. 3d 548, 340 N.E.2d 44; Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)).

■■ No instruction on accountability was given to the jury. Consequently, in order to obtain a conviction, the State was required to show that defendant actually entered the Bakshis home. (*People v. Echols* (1978), 74 Ill. 2d 319, 326, 385 N.E.2d 644, 647.) This showing could be by either direct proof or by the inference contained in People's instruction No. 10. The jury's question clearly evidenced confusion concerning the inference permitted by the possession-of-recently-stolen-property instruction and the possibility of convicting the defendant on an accountability theory. In our view, the trial court's admonition to merely follow the instruction was insufficient as there is no assurance that recourse to the instructions would resolve the confusion.

■■ "Where a jury has raised an explicit question on a point of law arising from facts over which there is doubt or confusion, the court should attempt to clarify the question in the minds of the jury members." (*People v. Kucala* (1972), 7 Ill. App. 3d 1029, 1035, 288 N.E.2d 622, 627.) This is

true even though the jury was initially given proper instructions. (*People v. Land.*) Based on the evidence presented in this case, the jury may have had some doubt as to whether defendant had remained outside while Chris Armstrong entered the home. Thus, some basis existed for their confusion regarding the law of accountability. This confusion was heightened by People's instruction No. 10. This is not to say that the inference instruction was improper under the facts of this case. However, once the jury had exhibited confusion concerning the applicability of accountability to this instruction, it was reversible error for the trial court to refuse to provide a proper answer to the jury's query.

The principal cases presented by the State are not on point. In *People v. Charles* (1977), 46 Ill. App. 3d 485, 360 N.E.2d 1214, and *People v. Jones* (1976), 40 Ill. App. 3d 771, 353 N.E.2d 79, the trial courts justifiably refused jury requests to interpret instructions which they had been given. Such is not the situation in the case at bar. In *People v. Jackson* (1974), 23 Ill. App. 3d 945, 320 N.E.2d 591, the defendant could have been convicted of felony murder regardless of whether or not he fired the fatal shot. Thus, any speculation on the part of the jury there concerning accountability would have favored the defendant. In contrast, in the case at bar, a resolution of the jury's confusion was vital to a proper determination of guilt. Unlike the doctrine of felony murder, where one may be convicted without having fired the fatal shot, in the instant case, proof of actual entry on the part of the defendant was required for a burglary conviction, since the State did not submit the case to the jury on an accountability theory.

For the foregoing reasons, the judgment of the Circuit Court of Lake County is reversed and the case is remanded for a new trial.

Judgment reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.