(No. 53066.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. BENNIE D. HAYWOOD, Appellant.

*Opinion filed November 18, 1980.*

Robert Agostinelli, Deputy Defender, and Frank W. Ralph, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield (Melbourne A. Noel, Jr., and Marcia L. Friedl, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendant, Bennie D. Haywood, was found guilty of murder after a jury trial in the circuit court of Kankakee County. He was sentenced to the penitentiary for the term of 14 to 25 years. The conviction was affirmed by a majority of the appellate court. (79 Ill. App. 3d 303.) We granted defendant's petition for leave to appeal.

Defendant relied upon intoxication as a defense to the charge of murder. The two issues raised on appeal relate to this defense. Defendant contends that (1) he was denied effective assistance of counsel, and (2) the jury was improperly instructed.

The relevant facts are adequately stated in the opinion of the appellate court and will be repeated here only where necessary for an understanding of the issues.

On January 21, 1977, the day of the murder, the defendant had been drinking steadily from the early hours of the morning. At approximately 6 p.m., defendant left his house and drove to pick up his friend, T.C. Brooks. The two men stopped at various taverns where they drank alcoholic beverages. Brooks had told the defendant that he knew of a man who would sell them corn whiskey. Defendant and Brooks left the tavern in search of the man selling corn whiskey, but defendant "passed out" in the car. According to the first statement that defendant gave to the police, the next thing that he remembered was awaking alone in his car, which was in a ditch. However, in a second statement given to police, defendant stated that when he awoke in his car he was with Brooks. An argument ensued about $25 which the defendant had given to Brooks to buy whiskey. Blows were exchanged. Believing that Brooks was reaching into his coat for a gun, defendant grabbed his .22-caliber pistol. In a struggle, defendant's gun fired twice, striking Brooks. The defendant pulled Brooks' body out of the car, laid it in the road, and drove away.

Brooks' body was found by police at 9 a.m. on that same day. One hour later, a local police officer discovered defendant's car on the median strip of a highway, 28.3 miles from the spot where the victim's body was found. The officer saw the defendant standing 50 yards away. The defendant approached the officer, raised his hands, and said, "Don't shoot——Don't shoot. I don't have a gun." The officer noted that defendant had trouble walking and smelled of alcohol. His speech was slurred. The defendant was arrested for driving under the influence of alcohol and was taken to the county jail. The defendant was unable to perform the physical tasks included in the sobriety test. A breathalyzer test was administered which found an excess of .31% alcohol in the defendant's blood. A short time later, the police were informed that defendant was sought in connection with the murder of T.C. Brooks.

Psychiatric reports introduced into evidence at trial showed that the defendant had a long history of alcoholism accompanied by occasional blackout spells.

The defendant first contends that he was denied effective assistance of counsel in that his appointed counsel failed to introduce expert testimony to explain the significance of the breathalyzer-test results. He argues that this omission denied him the right to present his defense of intoxication to the jury.

In order to establish that an appointed counsel was so ineffective and incompetent as to deprive the defendant of his right to counsel, it must be established that counsel was actually incompetent in the performance of his duties and that substantial prejudice resulted from such incompetency, without which the results of the trial would have been different. (*People v. Greer* (1980), 79 Ill. 2d 103, 120-21; *People v. Hills* (1980), 78 Ill. 2d 500, 515; *People v. Witherspoon* (1973), 55 Ill. 2d 18, 21.) However, if the alleged incompetency is a matter of trial tactics or strategy, which are purely matters of profes-

sional judgment, such allegations cannot support a claim of ineffective representation. *People v. Greer* (1980), 79 Ill. 2d 103, 122; *People v. Witherspoon* (1973), 55 Ill. 2d 18, 22.

In the present case, the fact that trial counsel did not introduce expert testimony to interpret the results of the breathalyzer test is purely a matter of judgment. Substantial testimony had been introduced to show not only that the defendant was intoxicated on the date in question, but also that the defendant had a long history of alcohol abuse. The introduction of expert testimony to explain the exact meaning of the breathalyzer results would have been cumulative and, therefore, defense counsel's decision not to introduce it was clearly a matter of trial strategy.

The defendant's second contention is that the trial court erred in giving People's Instruction No. 6A over defendant's objection. Defendant argues that Illinois Pattern Jury Instructions (IPI), Criminal, No. 24.02, which was earlier submitted by the State, without objection, was the only appropriate instruction to be given to the jury where the defense is voluntary intoxication. IPI Criminal No. 24.02 states:

> "An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly and intentionally."

People's instruction No. 6A states:

> "While intoxication may be used to nagative [*sic*] the element of intent when it is extreme, merely being drunk or intoxicated is not a sufficient defense. Only if the Defendant's intoxication is so extreme as to suspend entirely his power of reason, rendering him incapable of any mental action, is that intoxication a defense to the offense of Murder."

The defendant argues that instruction No. 6A misled the jury in that the phrase "rendering him incapable of any mental action" could have been interpreted as a state

of unconsciousness, or at least as a higher degree of intoxication than is necessary to constitute the defense under the law. Defendant claims that instruction No. 6A misstates the law and requires reversal.

Instructions found in IPI were drafted with the goal of sharply reducing the number of cases in which jury verdicts were set aside because of erroneous instructions. Consequently, each instruction was painstakingly drafted with the use of simple, brief and unslanted language so as to clearly and concisely state the law. To insure the use of such instructions, this court adopted Rule 451(a), which requires that an instruction in IPI be given where applicable, unless the court determines that the instruction does not accurately state the law. It is axiomatic, therefore, that the use of additional instructions on a subject already covered by IPI would defeat the goal that all instructions be simple, brief, impartial and free from argument.

IPI Criminal No. 24.02 is a simple, clear and concise statement of the defense of voluntary intoxication. Such instruction needs no embellishment, explanation or further definition, whereas instruction No. 6A serves only to confuse the jury by redefining in ambiguous language that which is clear on its face under IPI Criminal No. 24.02. Moreover, the rule in Illinois is that when conflicting instructions are given, one of which is a correct statement of law and the other is an incorrect statement of law, the error is not harmless. (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66; *People v. Miller* (1949), 403 Ill. 561, 565.) Such contrary instructions prevent the jury from performing its constitutionally appointed function because it has not been properly informed of the law to be applied in a particular case. *People v. Jenkins* (1977), 69 Ill. 2d 61, 66.

As we have stated, IPI Criminal No. 24.02 correctly and succinctly explained the law to the jury as to the defense of intoxication. Instruction No. 6A presented a conflicting definition as to the level of intoxication neces-

sary to constitute the defense. The jury could have construed this instruction as requiring the defendant to be devoid of any mental activity whatsoever or to be in a state of unconsciousness. This is not the law in Illinois, and the trial court committed reversible error in allowing instruction No. 6A to be given to the jury. For this reason, the judgments of the appellate court and the circuit court of Kankakee County are reversed, and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*