THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROLANDO MARINEZ, Defendant-Appellant.

Third District   No. 3—89—0035

Opinion filed March 30, 1990.

HEIPLE, P.J., dissenting.

Shari D. Goggin-Ward, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, State's Attorney, of Joliet (William P. Gibbs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant spent a goodly portion of December 12, 1986, and a portion of the early hours of the following day consuming beer. By the defendant's own admission, from 5 p.m. on December 12 and for a number of hours thereafter, he with three cousins consumed a case of Old Style beer. When the case was empty, the group proceeded to drink all the beer in the refrigerator.

The defendant and his cousins next visited the home of some friends, where he and his party each consumed four or five beers. Suffering from an unquenchable thirst, the defendant and cousins decided to go to the Galaxy Bowling Alley because it apparently appealed to their frugality. At the Galaxy, it was "Double Bubble" night, two drinks for the price of one. I'm sure that when you are attempting to drink the brewery dry it pays to shop around.

At the Galaxy, the defendant drank six to eight beers in addition to finishing off several bottles, which had not been entirely consumed by his companions.

Because of the defendant's consumption of the spirits, he became entangled in the "throes of the demon rum." He became stoned, gassed and inebriated. He could not walk straight; he slurred his speech. In short, he was completely intoxicated.

In such a drunken state, the defendant cut Donna Chisenall across the throat with a switchblade knife.

The defendant was charged with the offenses of attempted murder, armed violence and aggravated battery. After trial by jury, the defendant was found guilty of aggravated battery, two counts of armed violence, but not guilty of attempted murder. The trial court at the time of sentencing vacated one of the defendant's convictions for armed violence and merged the other armed violence conviction and the aggravated battery conviction. The court then imposed upon the defendant a 10-year sentence of imprisonment for armed violence.

The defense during the trial was the defense of intoxication.

The defendant tendered as his instruction No. 10, Illinois Pattern Jury Instructions, Criminal, No. 24—25.02 (2d ed. 1981) (IPI Criminal 2d), which states:

"An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly."

No objection was made by the State, and the instruction was

given to the jury. The State did not tender an instruction on the voluntary intoxication defense, but did, over the objection of the defendant, receive permission from the trial court to argue that for voluntary intoxication to be a legal defense, the level of intoxication must be so extreme as to entirely suspend the power of reason. A portion for the State's argument to the jury concerning the defense of intoxication is as follows:

"So what is incapable. It means that the condition is so extreme as to suspend all reason and make impossible the existence of a mental state, which is an element of the crime. It just doesn't mean intoxicated because you can be intoxicated and do something. It can [sic] be so extreme you can't reason and intend to do what you are doing."

The remarks of the prosecutor misstated the law which was applicable at the time of the defendant's trial. The prosecutor's remarks served to confuse the jury. Instruction No. 24—25.02, as given by the defendant, correctly and simply states the law. No embellishment, explanation or further definitions of the instructions were necessary.

The situation in the instant case is similar to that presented in *People v. Haywood* (1980), 82 Ill. 2d 540, 413 N.E.2d 410: The case of *Haywood* presents almost the identical situation as presented in the instant case, and our supreme court reversed a conviction and remanded for a new trial.

■ The State also argues that the defendant waived any error concerning the People's closing argument because there were no specific objections made at trial. The error of the State was not harmless but one of plain error, which this court should consider. See *People v. Haywood* (1980), 82 Ill. 2d 540, 413 N.E. 2d 410.

We are cognizant of the fact that, in the case of *Haywood*, two conflicting instructions were given to the jury. One instruction was tendered by the State, the other by the defendant. In the instant case, we have a different situation in that the defendant tendered an instruction. The State did not tender an instruction but, with the court's permission, presented an argument to the jury which did not correctly state the elements of the defense of intoxication. Regardless of the method or vehicle used, the jury could only be confused by the inaccurate interpretation of IPI Criminal 2d No. 24—25.02 given by the defendant.

The argument presented by the State may well now be acceptable because the instructions concerning the definition of voluntary intoxication were rewritten in 1989; however, the committee reports concerning the new provision specifically state that the new provision

cannot be applied retroactively. The crime allegedly committed by the defendant occurred in 1986.

Having concluded that the defendant is entitled to a new trial, we need not consider other assignments of error raised in this appeal.

For the reason set forth, the conviction of the defendant is reversed and this case is remanded for a new trial.

Reversed and remanded.

STOUDER, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

The defendant, Rolando Marinez, was charged with attempted murder, aggravated battery and two counts of armed violence. The charges against the defendant arose from an incident at a bowling alley in December 1986. The prosecution alleged that the complainant, Donna Chisenall, was returning from the rest room when she turned a corner and came face to face with defendant. Defendant then allegedly slashed Chisenall's neck with a switchblade. Following a jury trial, defendant was found guilty of two counts of armed violence and aggravated battery. The trial court sentenced defendant to a 10-year term of imprisonment.

On appeal, defendant raises an issue as to whether the trial court committed reversible error in allowing the prosecutor's remarks during closing argument regarding the defendant's intoxication defense. The majority concludes that the prosecutor's rebuttal comments constituted a misstatement of the law, entitling defendant to a new trial. I respectfully dissent.

During the trial, defendant promoted his intoxication as a defense. In conference regarding jury instructions, defendant tendered Illinois Pattern Jury Instructions, Criminal, No. 24—25.02 (2d ed. 1981), which states:

> "An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly."

This instruction was allowed by the trial court. Defendant's closing argument referred to the instruction, again pointing out defendant's intoxication defense. Finally, in rebuttal, the prosecutor reminded the jury of the instruction on intoxication, and continued, clarifying the meaning of the word "incapable," as used in the instruction:

> "So what is incapable? It means that the condition is so extreme as to suspend all reason and make impossible the exist-

ence of a mental state, which is an element of the crime. It just doesn't mean intoxicated because you can be intoxicated and do something. I can [*sic*] be so extreme you can't reason and intend to do what you are doing."

The majority terms these remarks an "inaccurate interpretation" of the IPI instruction tendered by defendant, and finds they constitute plain error. (196 Ill. App. 3d 318.) I disagree.

The majority's reliance on an analogy to *People v. Haywood* (1980), 82 Ill. 2d 540, is flawed. *Haywood* dealt with two conflicting instructions on intoxication, both given to the jury. The first instruction presented in *Haywood* was very similar to the instruction given to the jury in the instant case. The second *Haywood* instruction, however, stated:

"While intoxication may be used to nagative [*sic*] the element of intent when it is extreme, merely being drunk or intoxicated is not a sufficient defense. Only if the Defendant's intoxication is so extreme as to suspend entirely his power of reason, rendering him incapable of any mental action, is that intoxication a defense to the offense of Murder." (82 Ill. 2d at 544.)

The problem in *Haywood* centered on the ambiguous attempt by the second instruction to redefine the clear statement of the intoxication defense presented in the first instruction. The supreme court was particularly concerned with the possibility that the second instruction could be construed as requiring a state of unconsciousness for an intoxication defense. (82 Ill. 2d at 545-46.) No such problem exists in the instant case.

The prosecutor's rebuttal arguments did not present a conflicting instruction; they merely emphasized the requirement that defendant be rendered unable to form the "mental state which is an element of the crime." This does not constitute confusing or ambiguous language, nor is it a misstatement of Illinois law. The prosecution is afforded significant latitude in closing argument. (*People v. Belton* (1982), 105 Ill. App. 3d 10.) Furthermore, the substance and style of closing argument is within the discretion of the trial court, and its decisions will not be disturbed absent extreme error. (*People v. Cruz* (1983), 119 Ill. App. 3d 868.) The decision of the majority represents an unwarranted encroachment on the trial court's discretion. I dissent.