2026 IL App (2d) 250159-U
No. 2-25-0159
Order filed January 30, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, <br><br> v. JOSHUA ANDERSON, Defendant-Appellant. | Appeal from the Circuit Court of Lake County. <br><br> Honorable Christopher R. Stride, Judge, Presiding. <br> No. 23-CF-1268 |

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Having found no arguably meritorious issue for appeal, we permit the appellate defender to withdraw, and we affirm the trial court's judgment.

¶ 2    After a jury trial in the circuit court of Lake County, defendant, Joshua Anderson, was found not guilty of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a), (d)(1)(A), (d)(1)(g) (West 2020)) but guilty of driving while his license was revoked (DWLR) (*id.* §§ 6-303(a), (d)). The trial court denied defendant's posttrial motion and sentenced him to a 12-month term of conditional discharge and a 45-day jail term (which was stayed pending compliance with the terms of conditional discharge). Defendant filed a notice of appeal, and the Office of the State Appellate Defender was appointed to represent him. Appellate counsel has moved to withdraw. We grant the motion and affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4     At trial, defendant's former girlfriend, Katelyn Kozan, testified that she arranged to meet defendant at a gas station, where defendant was to return her car to her. She also arranged to have a police officer present to ensure there were no problems with the transfer. Family members took her to the gas station on March 30, 2023. When she arrived, she saw defendant seated alone in the driver's seat of her car. Defendant appeared to be under the influence of alcohol. Kozan advised the police officer of her observation. The officer approached defendant and concluded that defendant was impaired based on the odor of alcohol, the appearance of defendant's eyes, and defendant's performance on field sobriety tests. The evidence showed that the gas station parking lot was accessible to motor vehicles only from adjacent public roads. On cross-examination, defense counsel sought to introduce evidence that defendant told the police officer that a friend had driven him to the gas station. The trial court sustained the State's hearsay objection to the evidence. Defendant did not testify or offer any witnesses in his defense.

¶ 5     During the jury instructions conference, defendant tendered a nonpattern instruction defining "highway." The trial court refused to give the instruction. During closing argument, the prosecutor remarked that "[n]obody testified that he or she drove the defendant to the gas station." Defendant did not object to the remark.

¶ 6     Per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts and an argument why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. That time is past, and defendant has not responded.

¶ 7                                    II. ANALYSIS

¶ 8        Counsel advises us that he considered raising the following issues on appeal: (1) whether

the State proved defendant's guilt beyond a reasonable doubt, (2) whether error occurred in either

selecting or instructing the jury, (3) whether the trial court improperly restricted defendant's cross-

examination of a witness, (4) whether a remark during the State's closing argument improperly

shifted the burden of proof onto defendant, and (5) whether defendant's sentence was an abuse of

discretion. Defendant raised the first four issues in his posttrial motion.

¶ 9        As pertinent here, section 6-303 of the Illinois Vehicle Code (625 ILCS 5/6-303 (West

2020)) provides:

           (a) [A]ny person who drives or is in actual physical control of a motor vehicle on

   any highway of this State at a time when such person's driver's license *** is revoked as

   provided by this Code *** shall be guilty of a Class A misdemeanor.

                                                  * * *

           (d) Any person convicted of a second violation of this Section shall be guilty of a

   Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours

   of community service, as determined by the court, if:

               (1) the current violation occurred when the person's driver's license was

       *** revoked for a violation of Section 11-401 or 11-501 of this Code ***; and

               (2) the prior conviction under this Section occurred while the person's

       driver's license was suspended or revoked for a violation of Section 11-401 or 11-

       501 of this Code, a similar out-of-state offense, a similar provision of a local

       ordinance, or a statutory summary suspension or revocation under Section 11-501.1

       of this Code, or for a violation of Section 9-3 of the Criminal Code of 1961 or the

Criminal Code of 2012, relating to the offense of reckless homicide, or a violation of subparagraph (F) of paragraph (1) of subsection (d) of Section 11-501 of this Code, relating to the offense of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof when the violation was a proximate cause of a death, or a similar out-of-state offense."

¶ 10 An abstract of defendant's driving record was admitted into evidence at sentencing, and there was no dispute that if defendant were properly found guilty of violating section 6-303(a), he would meet the criteria for a felony conviction under section 6-303(d).

¶ 11 We first consider whether defendant was proved guilty beyond a reasonable doubt of violating section 6-603(a). A criminal conviction will not be reversed on appeal unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). When the sufficiency of the evidence is challenged, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard of review applies regardless of whether the evidence is direct or circumstantial ***." *People v. Maas*, 2019 IL App (2d) 160766, ¶ 48.

¶ 12 There is no arguably meritorious basis for challenging the sufficiency of the evidence to support a conviction under section 6-303(a). The State presented uncontroverted evidence that defendant's driver's license was revoked at the time he was found alone in a motor vehicle, in the driver's seat, with the keys in the ignition (although the engine was off). See *City of Naperville v. Watson*, 175 Ill. 2d 399, 402 (1997) ("The issue of actual physical control is determined on a case-

by-case basis giving consideration to factors such as whether the motorist is positioned in the driver's seat of the vehicle, has possession of the ignition key[,] and has the physical capability of starting the engine and moving the vehicle."). However, a violation of section 6-303(a) occurs only when one with a revoked license drives or is in actual physical control of a vehicle on a "highway," which is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or located on public school property." 625 ILCS 5/1-126 (West 2020). When defendant was found in the driver's seat of Kozan's vehicle, it was parked on private property, which did not qualify as a highway under this definition. Nevertheless, because a vehicle could access that area from only the adjacent roads that were unquestionably highways, defendant's presence in the driver's seat while alone in the vehicle with the keys in the ignition was overwhelming circumstantial evidence that he had driven on a highway. Accordingly, there is no arguably meritorious basis for challenging the sufficiency of the evidence.

¶ 13    Second, we consider whether there was any error in the selection or instruction of the jury. Counsel observes that the prospective jurors were properly questioned to ensure that they would adhere to the principles that a defendant enjoys the presumption of innocence and need not offer any evidence in his defense, that the State bears the burden of proving the defendant's guilt beyond a beyond a reasonable doubt, and that the defendant's failure to testify cannot be held against him. Ill. S. Ct. R. 431(b) (eff. July 1, 2012).

¶ 14    We also agree with counsel that there is no arguably meritorious basis for challenging the trial court's refusal of defendant's tendered instruction defining "highway." Our supreme court has approved a set of jury instructions for use in criminal cases, which are known as the Illinois Pattern Jury Instructions, Criminal (IPI Criminal instructions). The IPI Criminal instructions for DWLR

do not include an instruction defining "highway"; defendant's proposed instruction on the definition of "highway" was a non-IPI instruction. "Illinois pattern instructions were 'painstakingly drafted with the use of simple, brief and unslanted language so as to clearly and concisely state the law.' " *People v. Pollock*, 202 Ill. 2d 189, 212 (2002) (quoting *People v. Haywood*, 82 Ill.2d 540, 545 (1980)). "Trial judges should not take it upon themselves to second-guess the drafting committee where the instruction in question clearly applies." *People v. Durr*, 215 Ill. 2d 283, 301 (2005).

"The decision whether to give a non-IPI instruction rests within the sound discretion of the trial court. The trial court abuses its discretion in refusing a non-IPI instruction only where there is no IPI instruction that applies to the particular subject. Conversely, a trial court does not abuse its discretion by refusing to give a non-IPI instruction if there is an applicable IPI instruction or the essence of the refused instruction is covered by other given instructions." *People v. Simms*, 192 Ill. 2d 348, 412-13 (2000).

¶ 15    Here, in drafting the instructions for DWLR, the committee chose not to define the word "highway," evidently concluding that reasonable jurors would understand its meaning and be able to apply it in the vast majority of cases without an instruction. Although a nonpattern jury instruction defining "highway" might be proper in an unusual case, we see no need for such an instruction here. No reasonable juror could have believed that the gas station property was a "highway," and the State presented circumstantial evidence that defendant arrived at the gas station by driving a vehicle on a highway adjacent to the gas station. It would be futile to argue that the trial court abused its discretion in refusing to give a nonpattern instruction.

¶ 16    Third, we consider whether the trial court erred in limiting defendant's cross-examination of the police officer who confronted defendant at the gas station. The evidence defendant sought

to admit—his own statement that a friend drove him to the gas station—would have been hearsay, which, subject to exceptions that do not apply here, is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ill. R. Evid. 801(c) (eff. Oct. 15, 2015). Subject to exceptions provided for by rule or statute (none of which apply here), hearsay is inadmissible. Ill. R. Evid. 802 (eff. Jan. 1, 2011). If admitted, defendant's out-of-court statement could serve no purpose other than to prove the truth of the matter asserted—that someone other than defendant drove Kozan's vehicle to the gas station. Accordingly, there is no arguably meritorious basis for challenging the trial court's refusal to allow the statement to be admitted into evidence. See *People v. Suggs*, 2022 IL App (2d) 200713, ¶ 32 ("[A] defendant generally is prohibited from calling a witness to testify about the defendant's own self-serving hearsay statements[.]").

¶ 17    Fourth, we address the issue of the prosecutor's remark during closing argument that "[n]obody testified that he or she drove the defendant to the gas station." Counsel considered whether this argument improperly shifted the burden to defendant to prove his innocence. Although defendant raised this issue in his posttrial motion, he did not make a contemporaneous objection. A defendant must both object to an error at trial *and* raise the error in a posttrial motion to preserve it for review. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). An otherwise forfeited error may nonetheless be subject to review under the plain error rule. As our supreme court has explained:

> "The plain error rule allows courts to review forfeited errors under two alternative prongs, when a clear and obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) the error is so serious that it affected the fairness of

the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Johnson*, 2025 IL 130447, ¶ 34.

¶ 18 Under either prong, the threshold question is whether a "clear or obvious error" occurred. *Id.* It has been held that:

> "[T]hough failure to call a witness or produce evidence may not be relied on as substantial proof of the charge, nonetheless, if other evidence tends to prove the guilt of a defendant and he fails to bring in evidence within his control in explanation or refutation, his omission to do so is a circumstance entitled to some weight in the minds of the jury, and, as such, is a legitimate subject of comment by the prosecution." *People v. Williams*, 40 Ill. 2d 522, 529 (1968).

If defendant did not drive himself to the gas station, the evidence of how he arrived there with Kozan's vehicle would most likely be within his control, and the absence of such evidence would be a fair subject for comment by the State. It is neither clear nor obvious that the prosecutor's remark was error.

¶ 19 Finally, we consider whether defendant's sentence was an abuse of discretion. The variant of DWLR that defendant was found guilty of committing is a Class 4 felony (625 ILCS 5/6-303(d) (West 2020)) punishable by a prison sentence of one to three years (730 ILCS 5/5-4.5-45(a) (West 2020)) or a term of probation or conditional discharge of up to 30 months (*id.* § 5-4.5-45(d)). "When a sentence falls within the statutorily prescribed range, it will not be found to be excessive or an abuse of discretion unless it greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *People v. Ressa*, 2019 IL App (2d) 170439, ¶ 52. Given the possible penalties defendant faced, the distinctly lenient sentence of 12 months' conditional discharge was unquestionably within the trial court's discretion.

¶ 20    We therefore agree with counsel that this appeal presents no issue of arguable merit.

¶ 21                       III. CONCLUSION

¶ 22    For the reasons stated, we grant counsel's motion to withdraw, and we affirm the judgment of the circuit court of Lake County.

¶ 23    Affirmed.